IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED by _LAA_ D.C.

OCT 15 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

Lucas Entertainment Inc,

*Plaintiff*

Case No: 3:10-cv-1407-F/In the U.S. District
Court Northern District of Texas

v.

DOE 56,

*Defendant.*
_____/

## MOTION TO QUASH SUBPOENAS OR, ALTERNATIVELY, OBJECTIONS TO SUBPOENAS PURSUANT TO RULE 45 (c), AND MOTION FOR PROTECTIVE ORDER

Defendant John Doe, by and through his attorney, Robert C. Arnold, Esq, hereby files this motion to quash any and all subpoenas for production of documents and electronically stored and transmitted records or duces tecum served by the Plaintiff in the above-captioned case, and to secure a protective order to safeguard Defendant's Constitutional First, Fourth, Ninth and Fourteenth Amendments' right to privacy, and as grounds therefore avers as follows:

1. This case involves the repeated attempts of a Plaintiff, Lucas Entertainment Inc, a website operator of gay pornographic movies that seeks to establish the identities of the persons that, allegedly, accessed their website without proper permission. Defendant herein argues that the most recent attempt to force non-parties to divulge information revealing Doe's identity is procedurally defective and should, therefore, be quashed. Furthermore, the danger to Doe's right to privacy posed by the Plaintiff's continued use of process requires an appropriate protective order.

2. Plaintiff Lucas Entertainment Inc. is, and, at all relevant times hereinafter mentioned was, a company registered under the laws of the state of New York.

3. John Doe is a pseudonym for an online user of a certain IP address identified by the AT&T telecommunication services as the user of an IP address that is a registered user of their online services.

4. On July 26, 2010, Plaintiff obtained a court order from the United States Court for the Northern District of Texas (case no: 3:10-cv-1407-F) granting Plaintiff's request to obtain private information,

1

such as names and addresses of certain IP address users from CBS Internet Services and Bellsouth.net, the affiliates of AT&T. A copy of the <u>order</u> is attached hereto as Exhibit 1. A copy of the <u>subpoena</u> is attached as Exhibit 2.

5. On September 2, 2010, the Plaintiff's counsel issued a subpoena on AT&T, the Internet Service Provider that Doe uses as his phone and internet services provider. The subpoena sought information identifying Doe, his name, address, phone number, email address and account information.

<u>Supporting Memorandum of Law</u>

6. Both the application for, and the service of, the subpoena for AT&T and John Doe were procedurally defective under the Federal Rules of Civil Procedure. Accordingly, the subpoena should be quashed.

7. Rule 45(a) of Civil Procedure governs the application for, and service of, subpoenas upon non-parties. Fed. R. Civ. P. 45(a). Plaintiff's attempt to subpoena information from AT&T to produce documents identifying John Doe has violated the relevant rules at each and every turn. In essence, the rules prohibit <u>ex parte</u> applications for subpoenas against non-parties. They mandate prior notice to, and an opportunity to object by, the other parties.

8. First, the application itself was faulty. Doe did not receive any papers until October 3rd, long after the application had been presented.

9. Plaintiff also appeared in court, via counsel, to advocate for the subpoenas without first giving notice to AT&T or John Doe. Plaintiff's failure to give notice undermines the very purpose of the rule, which is to allow other parties 14 days to object to the proposed discovery.

10. Moreover, the subpoena is deficient because it fails to follow general requirement of Rule 45(a)(1)(iv) and set out the text of Rule 45(c) and (d). Fed. R. Civ. P. 45(a), which explains the possibility of objecting to or quashing the subpoena.

11. These serious procedural flaws in the application for, and service of, the subpoenas, require that this Court quash the subpoenas. Accordingly, John Doe respectfully requests herein that the Court quash the subpoenas served on AT&T requiring AT&T to disclose John Doe's personal information in connection with litigation concerning gay pornography.

12. Although the foregoing procedural argument should be dispositive, there are three reasons for addressing herein the constitutional interests at stake: 1) any doubts about the propriety of quashing the subpoenas based on the procedural defects must be resolved in favor of Doe because of the constitutional privacy issues; 2) if the Court does not agree that the procedural defects require granting this motion to quash, the constitutional issues must be addressed; and 3) in light of repeated and arguably improper attempts by Plaintiff to secure Doe's identity through court process, this Court can and should issue an appropriate protective order to safeguard Doe's privacy rights. Doe first

elaborates on the third point before turning to the constitutional issues.

13. Plaintiff is trying to secure Doe's identity, however, neither Doe nor AT&T were provided with the copy of the summons and complaint or other pertinent information verifying Plaintiff's allegations.

14. The only information that can be deduced from the attached subpoena and the order is that Plaintiff is the web operator of a website that distributes gay pornographic movies and claims that its movies were accessed without proper permission by users of certain IP addresses. The margin of error for proper identification of such IP addresses is great, and anyone who is able to access an unprotected Wi-Fi network can use the same IP address. Indeed, John Doe's Wi-Fi network is not protected with password or other security settings.

15. Finally, the surreptitious and improper manner in which Plaintiff has attempted to procure identifying information from AT&T supports the improper use of judicial process.

16. In light of Plaintiff's improper attempt to seek the identify of John Doe, a protective order should be entered to prevent further discovery, at least until such time as Plaintiff provides a complaint, under oath, with specific allegations and it is subjected to, and survives, an appropriate level of judicial scrutiny. Doe suggests an appropriate standard after discussing the relevant constitutional issues.

17. The subpoenas must be quashed and a protective order entered because Plaintiff's use of court process implicates important privacy right issues on one's desire to remain anonymous.

18. The broad First, Fourth, Ninth and Fourteenth Amendments' protection for political speech extends to anonymous and pseudonymous expression as well. "The decision in favor of anonymity may be motivated by fear of economic or official retaliation by concern about social ostracism, or merely by a desire to preserve as much of one's privacy as possible." McIntyre v. Ohio Elections Comm'n , 514 U.S. 334, 341-42 (1995). Indeed, "[p]ersecuted groups and sects from time to time throughout history have been able to criticize oppressive practices and laws either anonymously or not at all." Id. at 342 (citation omitted).

19. A speaker's decision whether to identify him or herself "is no different from other components of the document's content that the author is free to include or exclude." Id. at 348.

20. The right of anonymous or pseudonymous speech applies with equal force to discussions on the Internet. American Civil Liberties Union v. Johnson, 4 F.Supp.2d 1029, 1033 (D. N.M. 1998) (statute requiring personal identification information impermissibly "prevents people from communicating and accessing information anonymously"); American Civil Liberties Union v. Miller, 977 F. Supp. 1228, 1233 (N.D. Ga. 1997) (law making it illegal to use false name "prohibits such protected speech as the use of false identification to avoid social ostracism, to prevent discrimination and harassment, and to protect privacy ... -- a prohibition with well-recognized first amendment problems."

21. The foregoing First Amendment interests also apply with full force to the discovery process. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34-35 (1984); Herbert v. Lando, 441 U.S. 153, 178 (1979) (Powell, J., concurring) ("In supervising discovery ... a district court has a duty to consider First Amendment interests as well as the private interest of the plaintiff"); Stenger v. Lehigh Valley Hospital Center, 530 Pa. 426, 435 n.8 (1992) ("It is acknowledged that court orders which compel, restrict or prohibit discovery constitute state action which is subject to constitutional limitations....", citing Rhinehart, supra.).

22. Consequently, the compelled disclosure of the identity of an anonymous or pseudonymous speaker violates the right of privacy.

23. Doe does not argue herein that the First Amendment privilege is absolute. A plaintiff could conceivably justify piercing the veil of anonymity, but the proponent must bear a heavy burden to justify such an infringement of a privacy right. The court, in its role as the superintendent of discovery, must be vigilant in safeguarding the privilege.

24. Given the compelling interest at stake when a speaker's anonymity is threatened by a subpoena of this nature, the Constitution demands a stringent standard. Doe suggests that a minimum the determination whether the court will permit discovery of confidential identifying information from a third-party is comprised of the following elements: 1) the plaintiff must first establish a significant likelihood of success on the merits of its copyright infringement claim; 2) the plaintiff must establish that a balance of hardships tips in its favor; and 3) the plaintiff must establish that the subpoena is the least intrusive alternative available. This factors, while mindful of the right to recover for legitimate copyright infringement claims, ensure that a plaintiff will not be able to compel disclosure of confidential identifying information when disclosure is neither necessary nor fair to defendant.

25. In sum, the constitutional implications in this case buttress the Defendant's procedural argument that the subpoenas should be quashed and that a protective order should issue. In light of the Plaintiff's conduct thus far, this Court should enjoin any and all discovery by Plaintiff at least until Plaintiff provides sufficient complaint, under oath, with sufficient factual allegations to withstand preliminary objections.

WHEREFORE, Defendant John Doe respectfully requests that this honorable Court quash Plaintiff's subpoena to AT&T and that a protective order be entered enjoining additional discovery until further order of this Court.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on this 15th day of October, 2010 via Electronic Mail and U.S. Mail to: **Evan Stone**, Wolfe-Stone, 624 W. University Dr., #386, Denton, TX 76201, subpoena@wolfe-stone.com; and by Facsimile and U.S. Mail **Legal Compliance Department**, AT&T Internet Services, 1010 N. St. Mary's St., Ste. 315-A2, San Antonio, TX 76215.

Respectfully submitted,

Bob Arnold, Esq.
Florida Bar No. 11732

THE VICTORIA LAW GROUP
*Attorneys for Defendant*
801 Brickell Avenue,
Suite 900
Miami, FL 33131
Ph: (305) 515-5599 x 100
Fx: (866) 621-7395



AT&T Internet Services
Legal Compliance Dept.
1010 N. St. Mary's St.,
Ste. 315-A2
San Antonio, TX 78215

T: 210.351.5129
F: 707.435.6409

September 30, 2010

**VIA U.S. FIRST-CLASS MAIL**

Re: Subpoena re 8 IP Addresses/*Lucas Entertainment, Inc. vs. Does 1-65*/In the U.S. District Court Northern District of Texas/Case No. 3:10-cv-1407-F

<u>OUR CASE #53318</u>

Dear Customer:

AT&T Internet Services received subpoena ordering it to produce certain information relating to your Internet account. The subpoena orders AT&T Internet Services to produce account information and such other documents that will reveal your identity to the party who obtained the subpoena.

The enclosed or attached document means that the attorney for the plaintiff has served a subpoena on AT&T Internet Services requiring production of information regarding your identity. Unless a motion to quash, motion for a protective order, or other motion is filed in accordance with applicable law, AT&T Internet Services will be required by law to disclose the required information. If you choose to file such a motion, you must file it before the date of production (which has been extended to **October 15, 2010** – please note that this extension date was mutually agreed upon by both AT&T Internet Services and the attorney for the plaintiff) and serve a copy of it upon both AT&T Internet Services (at the address and fax number above) and the attorney for the plaintiff. AT&T Internet Services *must receive a copy of any such motion or objection at the address and fax number above prior to the extended response date of* **October 15, 2010.**

Again, please note that this subpoena was not initiated by AT&T Internet Services.

If you have questions about the subpoena, please contact an attorney or the attorney for the plaintiff. AT&T Internet Services is unable to provide legal advice on this matter.

Thank you,

AT&T Internet Services

09/02/10 04:34PM CDT '3107561201' -> 7074356409                                    Pg 2/6

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

|                                   |                     |
|-----------------------------------|---------------------|
| Northern                          | DISTRICT OF Texas   |

| Lucas Entertainment, Inc. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Does 1-65 | |
| | Case Number:[1]  3:10-cv-1407-F |

TO:  AT&T INTERNET SERVICES
     LEGAL COMPLIANCE DEPARTMENT
     1010 N. ST. MARY'S STREET RM 315-A2
     SAN ANTONIO, TEXAS 78215

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Information, including name, addresses, telephone numbers, e-mail address and Media Control Addresses, sufficient to identify and contact all persons whose IP addresses are included in the attached spreadsheet. Note that I am happy to provide this list in whatever format is most convenient for you.

| PLACE  Evan Stone, Esq. | DATE AND TIME |
|---|---|
| 624 W. University Dr., #386, Denton, TX 76201 | 10/02/2010 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *E. F. Stone*  Counsel for Plaintiff | 9/02/2010 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Evan Stone,
624. W. University Dr., #386, Denton, TX  76201       phone:  469-248-5238
                                                      e-mail: subpoena@wolfe-stone.com

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state district under case number.

## List of Does

| Defendant | Host IP | Date (GMT) | Software | ISP |
|---|---|---|---|---|
| Doe 12 | 68.212.247.99 | 7/15/2010 22:19 | µTorrent 2.0.2 | BellSouth.net |
| Doe 56 | 74.236.3.8 | 7/17/2010 12:56 | µTorrent 2.0.2 | BellSouth.net |
| Doe 5 | 70.138.148.138 | 7/15/2010 22:19 | Azureus 4.4.0.4 | SBC Internet Services |
| Doe 10 | 99.173.174.246 | 7/15/2010 22:19 | Azureus 4.3.1.4 | SBC Internet Services |
| Doe 11 | 99.74.196.175 | 7/15/2010 22:19 | µTorrent 2.0.2 | SBC Internet Services |
| Doe 13 | 69.106.225.34 | 7/15/2010 22:19 | µTorrent 2.0.2 | SBC Internet Services |
| Doe 14 | 75.58.124.210 | 7/15/2010 22:19 | µTorrent 2.0.3 | SBC Internet Services |
| Doe 15 | 99.73.39.15 | 7/15/2010 22:19 | Azureus 4.4.0.4 | SBC Internet Services |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| LUCAS ENTERTAINMENT, INC., § <br> A NEW YORK CORPORATION, § <br> PLAINTIFF, § <br> § <br> v. § <br> § <br> DOES 1-65, § <br> § <br> DEFENDANTS. § | Case No.: 10-cv-1407-F |

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE

The Court has read all the papers filed in connection with the Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference ("Motion"), and considered the sworn declarations and issues raised therein, including the unique aspects of BitTorrent infringement.

It is therefore ORDERED that Plaintiff's Motion for Leave to Take Discovery Prior to the Rule 26(f) Conference is granted. (Docket no. 2).

It is further ORDERED that Plaintiff is allowed to serve immediate discovery on the internet service providers Comcast Cable, RCN Corporation, Charter Communications, Road Runner, SBC Internet Services, Clearwire Corporation, Insight Communications Co., Qwest Communications, BellSouth.net, NPG Cable, Cox Communications, Verizon Internet Services, Optimum Online and Level 3 Communications to obtain the identity of each John Doe Defendant by serving each a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including name, current (and permanent) addresses, telephone numbers, email addresses, and Media Access Control addresses.

It is further ORDERED that Plaintiff may serve immediate discovery on any service provider

1

identified by the same means detailed in the Declaration and Motion, or identified as providing internet access to one or more Doe Defendants, by a provider upon whom a Rule 45 subpoena is served, for which an infringing download has been identified by individual IP address together with the date and time the infringing activity through that IP address occurred. Such Rule 45 subpoena shall seek information sufficient to identify each Doe Defendant, including his or her name, address, telephone number, e-mail address, and Media Access Control Address.

It is further ORDERED that Plaintiff is allowed to serve a Rule 45 subpoena in the same manner as above to any service provider that is identified in response to a subpoena as a provider of internet services to one of the John Doe Defendants.

It is further ORDERED that any information disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.

It is further ORDERED that any service provider who receives a subpoena shall not assess any charge to Plaintiff in advance of providing the information requested in the Rule 45 Subpoena or for IP addresses which are not controlled by such service provider, duplicate IP addresses that resolve to the same individual, other IP addresses that do not provide the name and other information requested of a unique individual, or for the service provider's internal costs to notify its customers.

It is further ORDERED that any service provider who receives a subpoena and elects to charge for the costs of production shall provide a billing summary and any cost reports that serve as a basis for such billing summary and any costs claimed by such provider.

It is further ORDERED that the service provider shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

09/02/10 04:34PM CDT '3107561201' -> 7074356409                                      Pg 6/6

Case 3:10-cv-01407-F   Document 4   Filed 07/26/10   Page 3 of 3   PageID 27

It is finally ORDERED that Plaintiff shall provide each service provider with a copy of this Order.

Signed this 26th day of July, 2010.

*/s/ Royal Furgeson*
ROYAL FURGESON
Senior United States District Judge

3